UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL JARROD COOPER | CIVIL ACTION NO. 06-2186-P |
| VERSUS | JUDGE STAGG |
| BOSSIER SHERIFF MAXIMUM FACILITY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Michael Jarrod Cooper ("Plaintiff") alleges in his pro se complaint that he was a pre-trial detainee at the Bossier Parish Maximum Security Facility when he was the victim of an attack by convicted inmates. The only named defendant is "Bossier Sheriff Maximum Facility," which is not a person or legal entity capable of being sued. Bossier Parish Sheriff Larry Deen, who is a procedurally proper defendant, has responded to the complaint with a Motion for Summary Judgment (Doc. 21). The motion was noticed for briefing, but Plaintiff has not filed any timely opposition. Deen argues that the complaint fails to name a proper defendant and, in the alternative, is subject to summary judgment on the merits.

**Summary Judgment Record**

Sheriff Deen has submitted excerpts from Plaintiff's deposition and other materials. Plaintiff testified that he has been selling drugs "all my life" and was incarcerated in Tennessee from age 14 to 18. Plaintiff has also been incarcerated and convicted as an adult. He candidly admitted inciting a riot in a correctional facility, beating a deputy, and

participating in fights with other inmates that resulted in at least one broken jaw and a missing tooth for other inmates.

At the time of the incident at issue, Plaintiff was incarcerated on charges of attempted first degree murder, aggravated battery with a dangerous weapon, obstruction of justice, and resisting an officer. At the time Plaintiff was arrested on those charges, he was serving a term of probation for a felony drug conviction.

Sheriff Deen did not submit the portions of Plaintiff's deposition in which Plaintiff described the attack at issue. Deen did file a copy of an incident report prepared by a deputy, but he did not submit an affidavit from that deputy or other person with firsthand knowledge who could offer competent summary judgment testimony. The report, which is hearsay, is of minimal value, but it is consistent with Plaintiff's claim that several inmates "jumped" Plaintiff and some other inmates while they were in their cells. The report describes Plaintiff's injuries as "minor scrapes and cuts," which is also somewhat consistent with Plaintiff's testimony. The report states that a shank made from a toothbrush was found near the scene of the fight.

Plaintiff testified that he could not name any of the inmates who attacked him. The attack began when an inmate hit an inmate with whom Plaintiff was talking, followed by about four more inmates coming into Plaintiff's cell and hitting him. Plaintiff tried to get under the bed but was stabbed. Plaintiff testified that nothing like the incident had happened before in a Bossier facility and that he believes he was at the wrong place at the wrong time.

Plaintiff testified that when he was stabbed it broke the skin, but the wound was not too deep. Medical personnel examined the wound and told Plaintiff that his wounds were not serious. No treatment was given. Plaintiff testified that his wounds healed without need for medication or even a Band-Aid, but he did claim that the wounds bled for about a day and a half. Medical records from a few days after the attack record the observation of "two very scabbed over puncture wounds" near the thigh with no signs of infection.

**Analysis**

Sheriff Deen is the only defendant. Plaintiff was asked in an interrogatory if Sheriff Deen had violated his constitutional rights. Plaintiff answered no, and he added that he filed suit because Deen's deputies did not adequately protect him. Plaintiff responded to another interrogatory, "Larry Deen himself brought no harm to me himself just his business."

A person can be held liable under Section 1983 only for his or her own acts or omissions. The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999). To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Plaintiff concedes that Sheriff Deen was not personally involved in the events at issue. As for a policy or custom by which means Deen might be held responsible for the attack, the

closest Plaintiff's complaint comes to making such a claim is the assertion that the attack was the result of Plaintiff (a pre-trial detainee) being housed with convicted prisoners. A similar failure to protect claim was asserted by a pre-trial detainee in Arps v. Calahan, 32 F.3d 566, 1994 WL 442486 (5th Cir. 1994). The pre-trial detainee in Arps admitted that until 30 minutes before the attack he never had any problems with the other inmate or reason to expect trouble, and there was no suggestion that the sheriff had prior notice of the inmate's violent nature. The plaintiff pointed to the sheriff's policy that permitted a pre-trial detainee to be housed with a convicted felon, but the record showed that it was the jail policy to classify pre-trial detainees that had prior felony convictions as convicted felons and house them with other non-assaultive convicted felons. The Fifth Circuit found the policy to be reasonable and not a basis for the imposition of liability.

There is no evidence before the court as to how Sheriff Deen classified Plaintiff or why he so classified him. There is also no evidence as to whether the sheriff had any policies regarding housing a pretrial detainee in an area where he would have contact with convicted prisoners. The record is, however, abundantly clear that Plaintiff had a history of convictions and violence while incarcerated that would not permit the imposition of essentially strict liability on a sheriff merely because Plaintiff was housed in an area that permitted exposure to convicted inmates. To house Plaintiff, considering his criminal history and record of violence, with ordinary pretrial detainees would be more worrisome.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 21) be granted and that all claims asserted in Plaintiff's complaint be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE